**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW GUY MORET, | No. 21-35424 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-01105-MK |
| v. | |
| POORNIMA RANGANATHAN; ANDREA DAILEY, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| OREGON STATE HOSPITAL, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Andrew Guy Moret appeals pro se from the district court's summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his 42 U.S.C. § 1983 action alleging due process violations arising from the involuntary administration of medication during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Moret's due process claims relating to the involuntary administration of medication after his administrative hearing because Moret received all of the process he was due. *See Washington v. Harper*, 494 U.S. 210, 235 (1990) (holding that due process requires an evidentiary hearing before an independent decisionmaker when a prisoner challenges the involuntary administration of medication); *U.S. v. Loughner*, 672 F.3d 731, 752 (9th Cir. 2012) (*Harper's* due process protections apply to pretrial detainees).

The district court properly granted summary judgment on Moret's due process claims related to the involuntary administration of medication before his administrative hearing because it would not have been clear to every reasonable official that the involuntary administration of medication before a hearing was unlawful under the circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Foster v. Runnels*, 554 F.3d 807, 815

(9th Cir. 2009) ("A right is clearly established when its contours are sufficiently defined, such that a reasonable official would understand that what he is doing violates that right." (internal quotation marks omitted)).

The district court did not abuse its discretion in denying Moret's motion to reinstate his claims against defendants because Moret failed to demonstrate any basis for such relief. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (requirements for relief from judgment under Federal Rule of Civil Procedure 60(b)(2)).

All pending motions and requests are denied.

**AFFIRMED.**